O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#9

CIVIL MINUTES - GENERAL

| Case No. | CV 10-9872 PSG (CWx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | Roubina Naiyan v. Sodexo, Inc., *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s): Attorneys Present for Defendant(s):

Not Present                                                  Not Present

**Proceedings:**    (In Chambers) Order Denying Plaintiff's Motion to Remand

Pending before the Court is Plaintiff's Motion to Remand this case to state court. The Court held a hearing on the Motion on April 18, 2011. After considering the moving and opposing papers, as well as the arguments made at the hearing, the Court DENIES Plaintiff's Motion to Remand.

I.    Background

This is a potential class action lawsuit brought by employees of Sodexo, Inc. and SDH Services West, LLC ("Defendants") seeking, among other things, unpaid wages and penalties.[1] On November 18, 2010, named Plaintiff Roubina Naiyan filed a complaint in Los Angeles Superior Court against Defendants. The Complaint includes the following four causes of action on behalf of a class of exempt individuals employed by Defendants in California from November 18, 2006 to the present: (1) failure to pay wages upon termination in violation of California Labor Code §§ 201 and 202; (2) failure to provide accurate wage statements in violation of California Labor Code § 226; (3) failure to account for vested vacation time in violation of California Labor Code § 227.3; and (4) unfair competition within the meaning of California Business and Professions Code § 17200.

On December 22, 2010, Defendants removed the case to this Court. Pending before the Court is Plaintiff's Motion to Remand the case to Los Angeles Superior Court.

---

[1] The facts in this background section are taken from the Complaint and, apart from liability on the claims asserted, are not reasonably in dispute.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#9**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9872 PSG (CWx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | Roubina Naiyan v. Sodexo, Inc., *et al.* | | |

II.     <u>Legal Standard</u>

In a motion to remand, the burden of proving the propriety of removal rests with the removing party.  *Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 685 (9th Cir. 2006); *United Computer Systems v. AT & T Corp.,* 298 F.3d 756, 763 (9th Cir. 2002).  The district court must remand a case to state court if, at any time before final judgment, the court determines that it lacks subject matter jurisdiction.  28 U.S.C § 1447(c).

Defendants base removal on the CAFA provision providing federal subject matter jurisdiction in "any civil action," where (1) the number of members of all proposed plaintiff classes in the aggregate is 100 or more, (2) the claims of the individual class members, in the aggregate, exceed the sum or value of $5,000,000 exclusive of interest and costs, and (3) "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d).  Thus, complete diversity is not required; "minimal diversity" suffices.  *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005); *see Abrego Abrego,* 443 F.3d at 680-682 (discussing changes to federal diversity jurisdiction with the adoption of CAFA).

The burden of proof in establishing federal jurisdiction varies "depending on the situation and the nature of the plaintiff's complaint."  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).  If "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, [courts] apply a preponderance of the evidence standard."  *Id.* at 699.  This means that the removing party must "provide evidence establishing that it is more likely that not that the amount in controversy" is met.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  In making this determination, courts can and should consider the Complaint and any "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations.  *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004) (internal quotation marks omitted); *Muniz v. Pilot Travel Ctrs. LLC,* No. CV. 07-0325 FCD EFB, 2007 WL 1302504, at *5 (E.D. Cal. May 1, 2007).  A court may consider supplemental evidence later proffered by the removing defendant, which was not originally included in the removal notice.  *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 n.1 (9th Cir. 2002). Finally, it is important to note that "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."  *Lewis v. Verizon Commc'ns Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citation omitted).[2]

---

[2] At the hearing, the Court brought up the Ninth Circuit's recent decision in *Lewis v. Verizon Communications*.  The parties were not familiar with the case and Plaintiff requested additional

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#9**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9872 PSG (CWx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | Roubina Naiyan v. Sodexo, Inc., *et al.* | | |

III.     Discussion

     Plaintiff seeks remand of this action to state court exclusively on the purported lack of CAFA diversity jurisdiction.  Defendants contend that the parties are sufficiently diverse and that the amount in controversy exceeds $5,000,000.  As an initial matter, the parties do not dispute that the numerosity requirement of CAFA—at least 100 potential class members—is met.  *See generally Mot.*; *see also Notice of Removal* ¶ 8(b).  And, although Plaintiff argues in the Motion to Remand that Defendants failed to establish the minimal degree of diversity that CAFA requires, Plaintiff did not raise it in reply to Defendants' more-than-adequate opposition.  *See Reply*.  In fact, the Complaint filed in state court alleges Plaintiff resides in California, which is *prima facie* evidence of residency, *see e.g. Gonzalez v. First NLC Fin. Servs*, No. CV 09-4147 FHM RZx, 2009 WL 2513670, at *2 (C.D. Cal. June 12, 2009), a point that Plaintiff does not contest.  Moreover, the Notice of Removal clearly states that Sodexo, Inc. is "a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Maryland."  *Notice of Removal* ¶ 9.  Thus, the minimal diversity requirement of CAFA is established, as is the numerosity requirement.

     The only remaining question is whether Defendants have met their burden to establish, by a preponderance of the evidence, that the amount in controversy exceeds $5,000,000.[3]  To establish that the amount in controversy exceeds $5,000,000, Defendants submitted the declaration of Deborah Crutchfield, a Human Resources Information Systems Analyst for Sodexo, Inc.  *See Crutchfield Decl.*, *Notice of Removal*, Ex. A, Dkt. #3; *see also Supplemental Crutchfield Decl.*, Dkt. #12.  Based on Crutchfield's research, Defendants argue that the amount in controversy related only to Plaintiff's first claim for relief is at least $5,882,575.87.  *See Crutchfield Decl.* ¶ 9; *Opp'n* 8:18-11:2.  In addition, Defendants also argue that the amount in controversy related to Plaintiff's second claim for relief is at least $6,489,650, exclusive of interest and costs.  *See Supplemental Crutchfield Decl.* ¶ 16; *Opp'n* 11:17.  Taken together,

---

briefing, which the parties timely submitted.  *See* Dkts. ##23-24.  The arguments raised in the supplemental briefing do not change the Court's analysis in this Order.

[3] Plaintiff apparently concedes that its third claim for relief for failure to compensate vacation pay is governed by the Employee Retirement Income Security Act ("ERISA"), which would create federal-question jurisdiction in this federal court.  *See* Dkt. #19 ("it appears that Plaintiff's claim for Defendants' failure to compensate her for vested vacation pay falls under ERISA").  However, Plaintiff filed a request to dismiss Plaintiff's third cause of action without prejudice, leaving the Court to consider only whether there is CAFA diversity jurisdiction.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#9**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9872 PSG (CWx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | Roubina Naiyan v. Sodexo, Inc., *et al.* | | |

Defendants insist that "[t]he amount in controversy in this action exceeds $5 million, and there is CAFA jurisdiction supporting removal." *Opp'n* 11:19-21. The Court agrees.

Plaintiff appears to accept Defendants' assertion that there are 838 putative class members who may have waiting time claims against Defendants, pursuant to Plaintiff's first cause of action. *See Crutchfield Decl.* ¶ 6; *Mot.* 10:6. The Complaint alleges that each of those class members—employees who terminated their employment with Defendants during the class period—"were entitled upon termination to timely payment of all wages earned and unpaid prior to termination." *Compl.* ¶ 24. In addition, those class members are "entitled to penalty wages from the date their earned and unpaid wages were due, upon termination, until paid, up to a maximum of 30 days." *Compl.* ¶ 28. Defendants, accepting this as true only for purposes of removal, determined the hourly wage of each of the 838 putative class members, multiplied that by eight hours for an eight hour work day, then multiplied that resulting number by 30 for a maximum of a 30 day penalty as called for in the Complaint. *See Crutchfield Decl.* ¶ 7-9; *see also Supplemental Crutchfield Decl.*, Ex. A (spreadsheet of putative class members' wages and date of termination). This resulted in a total potential recovery of $5,882,575.87 for the putative class related to Plaintiff's first cause of action. *See Crutchfield Decl.* ¶ 9.

Plaintiff challenges this number on the ground that if an employee was terminated less than thirty days before the case was removed and the Crutchfield Declaration was executed, then that employee would not be entitled to the full thirty day penalty on the date of removal. *See Mot.* 11:11-12:1. In their Opposition, however, Defendants accounted for Plaintiff's argument by removing, entirely, any employee who was terminated less than thirty days before the Crutchfield Declaration, and the amount in controversy still exceeded the $5,000,000 requirement by $811,429.81. *See Supplemental Crutchfield Decl.* ¶ 13.

Plaintiff, in contesting the accuracy of Defendants' calculations, also relies on an earlier settlement agreement reached in a similar wage and hour case to argue that some of the potential class members in this case may have already recovered in the earlier litigation and are barred from recovery now. *See Mot.* 9:23-10:14. Furthermore, Plaintiff argues that "Defendants fail to offer evidentiary support as to how they mathematically computed waiting time penalties to exceed" the five million dollar threshold, and that "Defendants' analysis of waiting time penalties did not take into account when an employee is terminated." *Mot.* 10:15-16; 11:11-12. None of Plaintiff's arguments defeat the fact that Defendants have met their burden to establish the amount in controversy. The Court has already examined the way in which Defendants computed the amount in controversy and accounted for dates of termination, thus, it does not

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#9

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9872 PSG (CWx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | Roubina Naiyan v. Sodexo, Inc., *et al.* | | |

need to do so again here.  However, the Court takes a moment to address the previous settlement agreement Plaintiff relies on to cast doubt upon Defendants' amount-in-controversy calculation.

In 2005, two plaintiffs filed class action suits against Sodexo for unpaid vacation wages. *Wohl Decl.* ¶¶ 2-3.  The parties ultimately settled the cases, resolving the vacation claims and related claims of all Sodexo employees through November 21, 2006.  *Id.* ¶ 3, Ex. A.  However, any claim arising after November 21, 2006 was "unaffected by the settlement." *Id.*  As Defendants rightly point out, "while the settlement extinguished waiting-time penalty claims associated with vacation claims for those members of the class whose employment had terminated by November 21, 2006, it did not do so for those class members who continued their employment with Sodexo as of November 21, 2006, or, of course, for non-class members who became Sodexo employees after that date." *Opp'n* 10:6-11.  Of the 838 putative class members used to determine the amount in controversy, none of them terminated their employment "on or before November 21, 2006," and the settlement does not alter the class in this case. *Supplemental Crutchfield Decl.* ¶ 12.

In sum, Defendants have carried their burden to establish, by a preponderance of the evidence, that the amount in controversy in this CAFA case exceeds $5,000,000 dollars.[4]  It seems as though Plaintiff would force Defendants to prove the case against them in order to establish that a federal court has jurisdiction to hear the lawsuit; this Defendants are not required to do.  Defendants were required to, and did, provide evidence that more likely than not establishes that there is more than $5,000,000 in controversy, regardless of the ultimate outcome of the litigation.  *See Lewis v. Verizon Commc'ns Inc.*, 627 F.3d at 400 ("[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability").

IV.   Conclusion

Based on the foregoing, the Court finds that Defendants have met their burden to establish CAFA jurisdiction in this case, and the Court DENIES Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

---

[4] Because the Court concludes that the amount in controversy related to Plaintiff's first claim for relief exceeds $5,000,000, the Court need not address Defendant's argument that the amount in controversy related to Plaintiff's second cause of action also exceeds $5,000,000.  *See Opp'n* 11:3-18.  However, that is a separate basis for denying Plaintiff's Motion to Remand.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#9**

# CIVIL MINUTES - GENERAL

| Case No. | CV 10-9872 PSG (CWx) | Date | April 25, 2011 |
|---|---|---|---|
| Title | Roubina Naiyan v. Sodexo, Inc., *et al.* | | |